IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARLON WRIGHT,

    Petitioner,

v.      CIVIL ACTION NO.: CV208-084

TIMOTHY WARD, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marlon Wright ("Wright"), who is currently incarcerated at Phillips State Prison in Buford, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in the Camden County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Wright filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Wright's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Wright was convicted, after a jury trial, in the Camden County Superior Court of involuntary manslaughter on May 24, 2001, and was sentenced in May 29, 2001. (Resp't's Ex. 4, p. 1). Wright filed a direct appeal with the Georgia Court of Appeals, and that court affirmed Wright's conviction and sentence by Order dated January 15, 2003. Wright v. State, No. A02A1888 (unpublished). Wright filed a petition for habeas

corpus relief in Dooly Superior Court on May 1, 2006. Wright's state habeas corpus petition was denied on July 21, 2006. Wright filed an application for certificate of probable cause to appeal, and the Georgia Supreme Court denied Wright's application on June 25, 2007.

Wright filed this petition for federal habeas corpus relief on June 20, 2008. Wright contends the district attorney lied to the grand jury to obtain an indictment. Wright asserts his trial counsel was ineffective for several reasons, including failing to move for a mistrial based on the district attorney withholding exculpatory evidence, allowing the prosecution's witnesses to perjure themselves, and allowing a prosecution witness to remain in the courtroom in violation of the sequestration rule. Wright also asserts the judge who presided over his state habeas corpus proceedings violated his constitutional rights by not recusing himself and by not granting Wright his requested relief. Wright further asserts the Georgia Supreme Court plainly erred in denying him the right to file an appeal from the denial of his state habeas corpus proceedings. Finally, Wright has submitted a copy of the brief he filed with the Dooly County Superior Court, which details 70 enumerations of error which allegedly occurred in the trial court proceedings. (Doc. No. 5). Respondent contends Wright's petition should be dismissed as being untimely filed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of--

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Wright's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Wright was found guilty of involuntary manslaughter in the Camden County Superior Court on May 24, 2001, and was sentenced on May 29, 2001. Wright filed a direct appeal, and the Georgia Court of Appeals affirmed the lower court's judgment on January 15, 2003. Wright had ten (10) days within which to file a motion for reconsideration or a notice of his intent to file a petition for writ of certiorari to the Georgia Supreme Court; Wright filed neither of these pleadings. Thus, his conviction became final on or about January 27, 2003.[1] Ga. Ct. App. R. 37(b) (stating that a motion for reconsideration must be filed with the Court of Appeals within 10 days of the decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that a notice of intent to apply for a writ of certiorari must be filed within 10

---

[1] Wright's conviction technically became final on January 25, 2003. However, because that day was a Saturday, his conviction became final on the following Monday.

days of the date of the decision to be reviewed); and Ga. Ct. App. R. 38(a)(1) (stating a notice of intent to petition for writ of certiorari in the Georgia Supreme Court shall be filed within 10 days and that filing a motion for reconsideration is not a prerequisite). Because Wright's conviction became final on January 27, 2003, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statue of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Secr'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Wright filed his state habeas petition on May 1, 2006. By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was nothing properly filed in the state courts which would have tolled the applicable statute

of limitations period[2]. Wright did not file the instant petition until June 20, 2008, which was nearly 5½ years after his conviction became final. Wright's petition was filed well outside of the one year statute of limitations available under 28 U.S.C. § 2244(d)(1).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Wright's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 8th day of December, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned recognizes Wright's contention that, because he filed his state habeas corpus petition within four (4) years of July 1, 2004, as set forth in O.C.G.A. § 9-14-42(c), the instant petition should be considered timely filed. However, this contention is unavailing, especially in light of the fact Wright's federal statute of limitations already expired by July 1, 2004. Equally without merit is Wright's contention that a state action created an impediment which prevented him from filing his state habeas petition. Even accepting at true Wright's assertion that his appointed counsel failed to file a timely motion for reconsideration, his lawyer's failure to file a pleading on his behalf is not a state-created impediment within the meaning of O.C.G.A. § 9-14-42(c)(2).